*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0170p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

ROY DENCE HUMPHREY,

        *Defendant-Appellant.*

Nos. 08-5850/5867

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 08-00003-001—Joseph M. Hood, District Judge.

Decided and Filed: June 11, 2010

Before: SUHRHEINRICH, McKEAGUE, and GRIFFIN, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:** J. Patten Brown, III, LAW OFFICES OF PAT BROWN, Hartford, Connecticut, for Appellant. Charles P. Wisdom, Jr., Erin J. May, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

─────────────────

**OPINION**

─────────────────

GRIFFIN, Circuit Judge. Defendant Roy Humphrey was convicted by a jury of one count of producing child pornography, in violation of 18 U.S.C. § 2251(a), and one forfeiture count under 18 U.S.C. § 2253. In this appeal, he contends that the district court abused its discretion in (1) granting the prosecution's motion in limine to preclude the admission of evidence regarding Humphrey's knowledge of the victim's minority, thereby preventing Humphrey's presentation of a mistake-of-age defense to the charge under 18 U.S.C. § 2251(a); and (2) denying his request for a continuance on the first day of trial

1

to allow him to secure civilian clothing, rather than appear in jail attire. For the reasons that follow, we affirm.

I.

This case arises from Humphrey's actions in befriending a minor female and surreptitiously videotaping her as she engaged in sexual acts with him. The facts adduced at Humphrey's jury trial indicate that the victim, D.M., first met Humphrey in the summer of 2006, when she was fifteen years old. Humphrey offered to pay her to clean his house, which she did three or four times. Eventually, Humphrey provided prescription medications and cigarettes to D.M.; in addition, he gave her money and alcoholic beverages in exchange for sex. In August 2006, D.M. tired of the sexual arrangement and told a counselor at her school about her relationship with Humphrey. She was interviewed by the police, taken to a hospital for a physical examination, and later sent to a drug rehabilitation facility in North Carolina. D.M. estimated that she visited Humphrey between twenty and thirty times.

Based upon the information provided by D.M., the police obtained a search warrant for Humphrey's residence and vehicles. A search of the trunk of Humphrey's car yielded assorted prescription pain pills and a bag containing several VHSC video cassettes. Two of the videotapes, labeled on the outside with D.M.'s name, depicted Humphrey engaging in sex with D.M. D.M. testified that she was not aware that she was being recorded on these tapes.

On January 3, 2008, Humphrey was indicted on one count of production of child pornography, in violation of 18 U.S.C. § 2251(a), and a forfeiture count under 18 U.S.C. § 2253.[1] The government filed a motion in limine to exclude evidence about Humphrey's knowledge of the victim's age from the upcoming trial. The government argued that a defendant's knowledge of a victim's minority is not required for conviction under 18 U.S.C. § 2251(a), noting accurately that the majority of courts have found no such scienter requirement or constitutionally mandated mistake-of-age defense. The

---

[1]Humphrey was also charged with one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), but this charge was voluntarily dismissed by the government.

district court agreed with the government and, in a written Memorandum Opinion and Order, granted the motion.

Following a jury trial, Humphrey was convicted as charged, and, in light of his qualifying prior state-court conviction for second-degree rape, the district court sentenced him to the enhanced mandatory minimum term of 300 months of imprisonment pursuant to 18 U.S.C. § 2251(e).  He now timely appeals.

II.

Humphrey first argues that the district court erred in granting the government's motion in limine, thereby improperly preventing him from raising a mistake-of-age defense to the charge brought under 18 U.S.C. § 2251(a).  Relying upon *United States v. United States District Court*, 858 F.2d 534 (9th Cir. 1988), Humphrey maintains that such a defense is constitutionally mandated under the First Amendment.  We disagree.

We review the district court's grant of the government's motion in limine for an abuse of discretion.  *United States v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009).  "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *Id*. (citing *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)).

The question whether scienter with respect to the victim's age is an element of the offense under § 2251(a), and whether a mistake-of-age defense is available under the statute, is a matter of first impression in this circuit.  18 U.S.C. § 2251(a) states:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction . . . was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2251(a).**2**

In *United States District Court*, the first case to address the issue at hand, the Ninth Circuit Court of Appeals concluded that § 2251(a) does not contain a scienter requirement:

> On its face, section 2251(a) requires only that a defendant arrange for a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction, and that there be a nexus to interstate commerce.
>
> The defendant's awareness of the subject's minority is not an element of the offense. This omission was quite clearly deliberate. Both Houses of Congress originally considered bills making it unlawful for any person "knowingly" to employ, entice or coerce a minor to engage in sexually explicit conduct for the purpose of producing or promoting a film or other print or visual medium. Department of Justice representatives urged deletion of "knowingly" so as to avoid the inference that producers could be prosecuted only if they knew the minor's age. Assistant Attorney General Patricia M. Wald stated as follows in a letter to the Senate Judiciary Committee:
>
>> Unless "knowingly" is deleted here, the bill might be subject to an interpretation requiring the Government to prove the defendant's knowledge of everything that follows "knowingly", including the age of the child. We assume that it is not the intention of the drafters to require the Government to prove that the defendant knew the child was under [the age of majority] but merely to prove that the child was, in fact, less than [the age of majority].
>
> S. Rep. No. 438, 95th Cong., 1st Sess. 29 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News 40, 64; . . . . Expressly adopting this view, the House of Representatives struck "knowingly" from its bill. *See* H.R. Rep. 696, at 12 (citing *United States v. Hamilton*, 456 F.2d 171, 172 (3d Cir.) (federal statute punishing transportation of a minor in interstate commerce for the purpose of engaging in immoral practices does not require knowledge of minor's age), *cert. denied*, 406 U.S. 947 (1972)). The conference committee accepted the House version "with the intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child." H.R. Rep. No. 811, 95th Cong., 1st Sess. 5 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News 69, 69; S. Rep. No. 601, 95th Cong., 1st Sess. 5 (1977). There is thus little

---

**2**A "minor" is defined as "any person under the age of eighteen years[.]" 18 U.S.C. § 2256(1).

doubt that knowledge of the minor's age is not necessary for conviction under section 2251(a). *See United States v. Reedy*, 632 F. Supp. 1415, 1423 (W.D. Okla. 1986), *aff'd*, 845 F.2d 239 (10th Cir. 1988).

*United States Dist. Court*, 858 F.2d at 537-38 (first and second alterations in original).

The Ninth Circuit noted, however, that "the statute is silent on whether reasonable mistake of age may serve as an affirmative defense[,]" and "unlike the question whether scienter should be an element of the government's prima facie case, there is no evidence that Congress considered and rejected the possibility of providing for such a defense." *Id.* at 542. In the factual context of the prosecution of the defendants for the alleged production of a pornographic film featuring a sixteen-year-old actress, the court concluded that the First Amendment requires a reasonable mistake-of-age defense:

> [T]he first amendment does not permit the imposition of criminal sanctions on the basis of strict liability where doing so would seriously chill protected speech. While Congress may take steps to punish severely those who knowingly subject minors to sexual exploitation, and even those who commit such abuse recklessly or negligently, it may not impose very serious criminal sanctions on those who have diligently investigated the matter and formed a reasonable good-faith belief that they are engaged in activities protected by the first amendment. . . . [I]mposition of major criminal sanctions on these defendants without allowing them to interpose a reasonable mistake of age defense would choke off protected speech.

*Id*. at 540-41.

The court thus engrafted a mistake-of-age defense onto the statute, albeit a "narrow one": "A defendant may avoid conviction only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the actor or actress was under 18 years of age." *Id*. at 543 (footnotes omitted).

Subsequently, in *United States v. X-Citement Video, Inc*., 513 U.S. 64 (1994), the Supreme Court interpreted 18 U.S.C. § 2252, which prohibits "knowingly" transporting, shipping, receiving, distributing, or reproducing a visual depiction which "involves the use of a minor engaging in sexually explicit conduct[,]" to include a scienter requirement

for age of minority. *Id.* at 68. In doing so, the Court distinguished § 2252 from § 2251(a), observing that when Congress amended these statutes in 1977,

> the new bill retained the adverb "knowingly" in § 2252 while simultaneously deleting the word "knowingly" from § 2251(a). The Conference Committee explained the deletion in § 2251(a) as reflecting an "intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child." [S. Conf. Rep. No. 95-601, p. 5 (1977)].

*Id.* at 77 (footnote omitted). As the Court further explained,

> [t]he difference in congressional intent with respect to § 2251 versus § 2252 reflects the reality that producers are more conveniently able to ascertain the age of performers. It thus makes sense to impose the risk of error on producers. *Although producers may be convicted under § 2251(a) without proof they had knowledge of age*, Congress has independently required both primary and secondary producers to record the ages of performers with independent penalties for failure to comply. 18 U.S.C. §§ 2257(a) and (i) (1988 ed. and Supp. V) . . . .

*Id.* at 77 n.5 (internal citation omitted, emphasis added).

The Court found § 2252 to be "akin to the common-law offenses against the state, the person, property, or public morals, that presume a scienter requirement in the absence of express contrary intent." *Id*. at 71-72 (citation and internal quotation marks omitted, footnote omitted). By contrast,

> the common-law presumption of *mens rea* . . . expressly excepted sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent. But as in the criminalization of pornography production at 18 U.S.C. § 2251(a), the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age. The opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver. Thus, we do not think the common-law treatment of sex offenses militates against our construction of the present statute.

*Id*. at 72 n.2 (internal citations and quotation marks omitted).

In the wake of the *X-Citement Video* decision, all of the federal courts of appeals that have considered the issue of scienter under § 2251(a) have held that a defendant's knowledge of the minor's age is not an element of the offense. Significantly, however, these courts have consistently rejected the notion espoused in *United States District Court* of a constitutionally mandated mistake-of-age defense. Thus, the Ninth Circuit stands alone in its determination that the First Amendment requires a reasonable mistake-of-age defense under § 2251(a). *See United States v. Pliego*, 578 F.3d 938, 943-44 (8th Cir. 2009), *cert. denied* 130 S. Ct. 1109 (U.S. Jan. 11, 2010) (holding that the district court did not err in refusing to instruct the jury that knowledge of the victim's age is an element of § 2251(a) and in ruling that the defendant could not raise his lack of knowledge of the victim's age as an affirmative defense); *United States v. Malloy*, 568 F.3d 166, 171, 176 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1736 (U.S. Mar. 8, 2010) (concluding that "knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense" under § 2251(a) and declining to engraft onto the statute a reasonable mistake-of-age defense "[b]ecause the government interest at stake is significant and § 2251(a) does not substantially chill protected speech"); *United States v. Wilson*, 565 F.3d 1059, 1066-69 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1052 (U.S. Jan. 11, 2010) (holding that § 2251(a) neither contains a scienter requirement nor permits an affirmative mistake-of-age defense); *United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004) (holding that charge of attempt to manufacture child pornography requires that the defendant believe that the intended performer is a minor, but noting that "the commission of the completed offense under § 2251(a) . . . contains no requirement that the defendant know that the performer is a minor"); *United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002), *cert. denied*, 537 U.S. 986 (2002) (concluding that district court's charge to the jury omitting scienter of age under § 2251(a) was not erroneous); *United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999), *cert. denied*, 526 U.S. 1160 (1999) (holding that the defendant's knowledge of the victim's minority is not an element of § 2251(a) offense); *see also United States v. Heath*, No. CR09-2003-LRR, 2009 WL 1228267, at *2-3 (N.D. Iowa May 1, 2009)

(unpublished) (finding no mens rea requirement or mistake-of-age defense under § 2251(a)).

*Cf. United States v. McCloud*, 590 F.3d 560, 566-68 (8th Cir. 2009), *petition for cert. filed*, 78 U.S.L.W. 3581 (U.S. Mar. 25, 2010) (No. 09-1177) (holding that district court's preclusion of reasonable mistake-of-age defense to § 2251(a) charge did not violate the defendant's Fifth Amendment right to due process); *United States v. Deverso*, 518 F.3d 1250, 1258 (11th Cir. 2008) (concluding that the district court did not abuse its discretion in refusing to instruct jury on mistake of age for alleged § 2251(c) offense because "the Constitution does not mandate a mistake of age defense under § 2251"); *Gilmour v. Rogerson*, 117 F.3d 368, 370-73 (8th Cir. 1997), *cert. denied*, 522 U.S. 1122 (1998) (affirming denial of petition for writ of habeas corpus and holding that the First Amendment does not mandate a mistake-of-age defense to a charge of sexual exploitation of a minor under Iowa statute that is similar to § 2251(a)).

In refusing to follow the Ninth Circuit's lead in engrafting a mistake-of-age defense onto § 2251(a), these courts have employed a rationale consistent with the Supreme Court's dicta in *X-Citement Video*, as exemplified in *Malloy*:

> Having considered the strong government interest identified by the Supreme Court [in *New York v. Ferber*, 458 U.S. 747, 756 (1982)] in suppressing the production of child pornography, we now assess whether § 2251(a) as written poses a threat of chilling a substantial amount of protected expressive activity. The protected expression the Ninth Circuit [in *United States Dist. Court*] found to be threatened by the statute was the production of adult pornography. Malloy's argument echoes the Ninth Circuit's analysis. . . . We are persuaded by neither.

> We note as a practical matter that little legitimate pornography would be chilled because producers of pornography are *already* required to authenticate actors' ages. *See* 18 U.S.C. § 2257(b)(1) (requiring that anyone who produces pornography shall "ascertain, by examination of an identification document containing such information, the performer's name and date of birth."). There are, moreover, other reasons why § 2251(a) does not pose a substantial risk of chilling protected expression. First, only a subset of adult pornography is at issue – namely, pornography made by producers who seek to use "youthful-looking" actors or actresses. Second, because children depicted in child pornography frequently cannot be found, the prosecutor must show that

the subject is a minor solely from the pictures.  Consequently, most prosecutions for child pornography involve a subject that is not simply "youthful-looking" but unmistakably a child.  H.R. Rep. No. 98-536, at 3, 7-8 (1984).  Statutes like § 2251(a) will not inhibit producers of adult pornography from using youthful-looking subjects who are not unmistakably children because prosecution in such cases is rare.  *See District Court*, 858 F.2d at 546 (Beezer, J. dissenting).  And finally, producers of adult pornography who wish to use youthful-looking subjects will not be deterred by § 2251(a) for profit reasons: pornography is lucrative.  High demand creates powerful incentives that will not be inhibited by a slim chance of prosecution.  Given the superior ability of a producer to ascertain the age of the subject – through visual contact, documentary verification, direct questioning, and reputational information – and the substantial profit that exists in producing adult pornography, we think it unlikely that producers of such pornography will be chilled, much less substantially chilled, by the unavailability of a mistake of age defense in § 2251(a).

Because the government interest at stake is significant and § 2251(a) does not substantially chill protected speech (especially relative to the statute's plainly legitimate sweep), we decline to engraft onto it a reasonable mistake of age defense that is neither grounded in the statutory text nor mandated by the Constitution.

*Malloy*, 568 F.3d at 175-76 (footnotes omitted).  *See also Wilson*, 565 F.3d at 1069 ("The analogy of producers to statutory rapists [drawn in *X-Citement Video*] serves to overcome the background presumptions of *mens rea* and scienter.  Furthermore, given the opportunity producers have to verify the age of the actors they employ, we do not think the risk of error or fraud in determining someone's age is significant enough to chill a substantial amount of protected speech . . . .") (citation and internal quotation marks omitted).

We find the reasoning of the majority of our sister circuits to be persuasive and adopt it as our own.  Simply stated, "the statutory text, legislative history, and judicial interpretation compel the conclusion that knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense." *Malloy*, 568 F.3d at 171.  Moreover, we endorse the view of these courts that First Amendment concerns, when balanced against the "surpassing importance of the government's interest in safeguarding the physical and psychological wellbeing of children," *id*. at 175

(footnote omitted), do not oblige us to engraft a reasonable mistake-of-age defense onto § 2251(a).

We therefore hold that the district court did not abuse its discretion in granting the government's motion in limine to exclude from trial evidence related to Humphrey's knowledge of the victim's age.[3]

### III.

We further conclude that the district court did not abuse its discretion in denying Humphrey's motion for a continuance. *See generally United States v. Crossley*, 224 F.3d 847, 854 (6th Cir. 2000) ("We review a denial of a motion for a continuance for abuse of discretion.").

Although defense counsel raised the issue of Humphrey's jail attire with the district court at the beginning of the trial, he later acquiesced in the district court's decision to proceed while the court attempted to find civilian clothing for Humphrey and give a curative instruction to the jury. Humphrey's claim is further diminished by his refusal to wear the clothing that was eventually provided to him. Under these circumstances, Humphrey's contention that he was compelled to stand trial before a jury while dressed in jail garb, in violation of the Fourteenth Amendment, is without merit. *See United States v. Pryor*, 483 F.3d 309, 311-12 (5th Cir. 2007) (holding that the

---

[3]To the extent Humphrey argues nebulously that he was deprived of his right to present a defense, we also agree with the Fourth Circuit in *Malloy* that:

> [Defendant's] argument is without merit because "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." *United States v. Prince-Oyibo*, 320 F.3d 494, 501 (4th Cir. 2003) . . . . Here, the evidence that Malloy wished to present in his defense was irrelevant to the crime charged and, therefore, it was properly excluded by the district court. Evidence of a particular type of defense – here, reasonable mistake of age – can be properly excluded by the court without infringing on the general right of a defendant to present a defense.

*Malloy*, 568 F.3d at 177 (footnote omitted). *See also Baze v. Parker*, 371 F.3d 310, 323 (6th Cir. 2004) ("[The] right [to present a defense] is not absolute. The defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.") (citation and internal quotation marks omitted); *United States v. Lucas*, 357 F.3d 599, 606 (6th Cir. 2004) ("[A] complete defense does not imply a right to offer evidence that is otherwise inadmissible under the standard rules of evidence."). The district court in the present case properly decided this point, finding that "[o]nly relevant evidence is admissible, and any evidence that [Humphrey] lacked knowledge that the victim was a minor (or mistakenly believed the victim was an adult) is irrelevant and shall be excluded."

defendant was not denied his right to a fair trial when, at the outset of trial, defense counsel alerted the court to the defendant's lack of civilian clothing, the court instructed the marshals to see if such clothing was available but the clothing was never produced, and defense counsel thereafter raised no further objections to continuing the trial in jail garb); *United States v. Brown*, 367 F.3d 549, 554 (6th Cir. 2004) (rejecting a similar claim where there was no evidence that jurors were affected by the defendant's appearance at trial in prison clothing, the district court attempted to accommodate his request to obtain civilian clothing, and the defendant "did not otherwise object when the court determined that, in the absence of a viable plan to obtain clothing, it would begin the trial"); *United States v. Pleasant*, 12 F. App'x 262, 268 (6th Cir. 2001) (unpublished) (holding that the district court did not abuse its discretion in denying the defendant's motion for a continuance of his trial where the defendant had ample opportunity to obtain appropriate clothing for trial and he refused the marshal's offer to lend him civilian apparel).

## IV.

The judgment of the district court is affirmed.