**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARAN JIT-SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,

Respondent.

No. 07-74360

Agency No. A074-583-601

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011
San Francisco, California

Before: THOMAS, and MURGUIA, Circuit Judges, and ALBRITTON, Senior
District Judge.**

Petitioner appeals the decision of the Board of Immigration Appeals ("BIA")

affirming the Immigration Judge's ("IJ") adverse credibility determination as well

as the IJ's denial of his application for asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
\*\* The Honorable William H. Albritton III, Senior United States District
Judge for the Middle District of Alabama, sitting by designation.

under the Convention Against Torture ("CAT"). Because the parties are familiar with the history of the case, we need not recount it here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We deny the petition for review of the BIA's decision to deny asylum and withholding of removal. Substantial evidence supports finding that Petitioner was not credible. *Kin v. Holder*, 595 F.3d 1050, 1054-55 (9th Cir. 2010). For example, the IJ found that Petitioner testified in a vague manner about the posters he prepared and posted for the AISSF. The IJ also found that Petitioner testified vaguely and inconsistently when discussing recruitment efforts, fundraising responsibilities, and other political tasks undertaken on behalf of the student group. These discrepancies go to the heart of Petitioner's claim of persecution. *Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999); *see also Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (finding adverse credibility determination supported, in part, by inability to explain political party responsibilities). We affirm as long as one of the reasons supporting the adverse credibility determination goes to the heart of the persecution claim.[1] *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). The IJ supported the adverse credibility determination

---

[1] Because Jit-Singh applied for asylum, withholding of removal, and relief under the CAT prior to May 11, 2005, pre-REAL ID Act standards govern his credibility determination. 8 U.S.C. §§ 1158(b)(1)(B)(iii) (asylum); 1231(b)(3)(C) (withholding of removal); 122a(c)(4)(C) (other relief from removal); *see also Shreshtha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

with "specific, cogent reason[s]" that are substantial and have a legitimate nexus to the finding. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002); *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir. 2000) (per curiam). Although one may dispute some of the IJ's credibility findings, taken as a whole, the discrepancies in Petitioner's testimony and declarations constitute substantial evidence in support of the adverse credibility determination. *Kin*, 595 F.3d at 1054. We cannot say that any reasonable adjudicator would be compelled to conclude to the contrary. *Singh*, 367 F.3d at 1143.

In addition, Petitioner has not shown that he has a well-founded fear of persecution. Because Petitioner was not found credible, he was not entitled to a presumption of a well-founded fear of future persecution pursuant to 8 C.F.R. § 208.13(b)(1). Substantial evidence in the record supports the IJ's findings that Petitioner is not a high profile militant or person with known former militant contacts, and, therefore, is not at risk of future persecution. *See Zhao v. Mukasey*, 540 F.3d 1027, 1029-30 (9th Cir. 2008) (IJ's factual findings regarding well-founded fear of future persecution must be supported by substantial evidence). The IJ performed the required individualized analysis of how changes in country conditions would affect Petitioner. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) (holding that BIA must provide individualized analysis of how changed

3

conditions will affect petitioner's situation).

We deny the petition for review of the BIA's decision to deny CAT relief. Substantial evidence supports the IJ's and BIA's finding that the Petitioner failed to establish that it is more likely than not he would be tortured upon return to India. *See Singh v. Gonzales*, 439 F.3d 1100, 1112-13 (9th Cir. 2006) (evidence did not compel conclusion it was more likely than not petitioner would be tortured). Accordingly, we deny the Petition for Review.

**PETITION FOR REVIEW DENIED.**